UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA HARRIS                                                CIVIL ACTION

VERSUS                                                         NO. 23-607-BAJ-RLB

EXECUTIVE AFFILIATES, INC., ET AL.

### ORDER

Before the Court is Patricia Harris' ("Plaintiff") Motion to Quash & for Protective Order Against Defendant Executive Affiliates Inc.'s Notice of Records Deposition (the "Motion to Quash"). (R. Doc. 24). It is opposed by Executive Affiliates, Inc ("Defendant"). (R. Doc. 28).

### I.     Background

On June 12, 2023, Plaintiff filed an action against Defendant and Dubois Wood Products, Inc., ("Dubois") in state court, alleging she was injured after a bench made by Dubois gave way, "sending [her] body crashing to the ground." (R. Doc. 1-4 at 1, 2). Plaintiff alleges she "hit her head on the way down and landed directly on her buttock thereafter experiencing **excruciating pain that persist[s] to date**." (R. Doc. 1-4 at 2) (emphasis added in bold). She also alleges that her "**injuries are severe, debilitating, require extensive treatment, and will likely impact Plaintiff for the remainder of her life**." (R. Doc. 1-4 at 2). She claims to have "suffered bodily injuries" detailed in medical records she attached to her complaint (the "Complaint"). (R. Docs. 1-4; 1-5). According to Plaintiff, **the injuries may be permanent, have had an effect on her "health and well-being," and have already caused her and will likely continue to cause her physical pain and mental anguish**. (R. Doc. 1-4 at 5). On July 26, 2023, Defendant removed the case to this Court based on diversity jurisdiction. (R. Doc. 1). On October 30, 2023, the deadline for filing all discovery motions and completing all non-expert discovery was set for

1

August 9, 2024. (R. Doc. 16). On August 15, 2024, this Court extended the deadline for filing all discovery motions and completing all non-expert discovery to November 1, 2024. (R. Doc. 23).

Through its notice of deposition, Defendant informed Plaintiff it would be asking Premier Urgent Care, Christus Trinity Clinic, Cenla Heart Specialists, Christus St. Francis Cabrini Hospital, Maan Younes, MD (pulmonologist), Mid State Orthopaedic & Sports Medical Center, Community Clinic (Alexandria), Louisiana Eye & Laser Center, Aspen Dental, Alexandria Healthcare for Women, LLC, Dr. Vincent Mallory, and Ochsner LSU (Shreveport) to produce the following:

> **CERTIFIED COPY** of any and all records, including but not limited to, all written records, including any and all reports, medical records, medical bills, correspondence, files, documentation, medical reports, narrative reports, handwritten notes, test results, clinic notes, reports of treatment, field notes, progress notes, progress reports, nurses' notes, prescriptions, pharmacy records, MRI films and reports, CT scan films and reports, EMG studies, EEG studies, discogram films and reports, nerve conduction studies, x-ray films and reports, including any and all Social Security and Louisiana Unemployment medical records or medical files, or other medical records or documentation in your possession regarding the physical condition, treatment and diagnosis of **PATRICIA A. HARRIS; DOB: 01/17/1962; SSN: XXX-XX-2010.**

(R. Doc. 25). Plaintiff objects in her Motion that Defendant's proposed subpoenas to each of the medical facilities and professionals (the "Subpoenas") are each overbroad, unduly burdensome, harassing, and outside of the scope of discovery, because they are unlimited in time and scope, seek irrelevant information, and harm Plaintiff due to her privacy concerns and Louisiana's physician-patient privilege. (R. Doc. 24).

**II.     Law and Analysis**

    **A.     Legal Standard**

As non-parties often do not gain any value from a case, subpoenas on non-parties are subject to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 26. Under Fed. R. Civ. P. 26, a court may protect a party "from annoyance, embarrassment, oppression, or undue burden or expense[,]" and must limit the frequency or extent of discovery if it finds "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by [Fed. R. Civ. P.] 26(b)(1)." Fed. R. Civ. P. 26(b)(2). Fed. R. Civ. P. 26(b)(1) is commonly referred to as the proportionality test because it states parties "may obtain discovery regarding any nonprivileged matter . . . relevant to any party's claim or defense and proportional to the needs of the case[.]" Under Fed. R. Civ. P. 45, a party issuing a subpoena to a non-party must take reasonable steps to avoid imposing undue burden or expense. Fed. R. Civ. P. 45(d)(1). A court must quash or modify a subpoena if it: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in [Fed. R. Civ. P.] 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d).

    **B.     Analysis**

        **i.     Meet and Confer**

A motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1) This Court also issued a scheduling order

3

which states that "[a]ny motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred . . . for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 16 at 1). Plaintiff has filed no certification. (R. Docs. 24; 25; 27). Yet, Defendant reveals the parties have met and conferred. (R. Doc. 28).

Defendant notified Plaintiff of the Subpoenas on August 14, 2024, two days before she filed the Motion to Quash. (R. Doc. 28 at 1). On August 21, 2024, Defendant offered to limit the Subpoenas to (i) "only request records dating back 10 years with the understanding that [it could] request further back if the records [it] receive[d] indicate[d] such a request would reveal further relevant information" and (ii) no longer be addressed to "Cenla Heart Specialists, Louisiana Eye and Laser Center, and Aspen Dental, provided that [Plaintiff] confirm[s] [she] is not making a claim for any heart, vision, or dental injury." (R. Doc. 28-4 at 6). On August 23, 2024, Plaintiff was only agreeable to requests for records over the past 10 years from Premier Urgent Care, Christus Trinity Clinic, Christus St. Francis Cabrini Hospital, Mid State Orthopaedic & Sports Medical Center, and Community Clinic (Alexandria). (R. Doc. 28-4 at 4). After many emails on the subject, the parties failed to come to an agreement due to Plaintiff's counsel being unable to obtain an answer from her client before Defendant's opposition deadline. (R. Doc. 28-4 at 1).

Considering the above, it appears the parties attempted to amicably resolve their dispute without court intervention, but were unable to agree. While the parties may have been able to come to an agreement had Plaintiff attempted to meet and confer before filing the Motion to Quash, or waited to file the Motion to Quash until after it was formally served, this Court finds it appropriate to consider the merits to avoid further inefficiencies.

4

### ii.   Standing

Ordinarily, a party has limited standing to quash or modify a subpoena under Fed. R. Civ. P. 45(d)(3), absent "a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." *Howard v. Seadrill Americas, Inc.,* 2016 WL 7012275, at 2 (E.D. La. Dec. 1, 2016). Courts in the Fifth Circuit generally find a party has standing pursuant to Fed. R. Civ. P. 45 to quash a non-party subpoena that seeks medical information. *See Giarratano v. Huntington Ingalls Inc.,* No. 22-88, 2022 WL 16552816, at *4 (E.D. La. Oct. 31, 2022) ("Plaintiff has standing to seek the relief requested in this case under [Fed. R. Civ. P.] 45 because she has a personal interest in her medical records."); *see also Dean v. Foods,* No. 9:21-CV-00005, 2022 WL 20112617, at *3 (E.D. Tex. Sept. 26, 2022) (private medical information constitutes a personal right or privilege that confers standing to plaintiff on behalf of non-party medical providers). Thus, we conclude Plaintiff has standing to seek the requested relief.

### iii.   The Physician-Patient Privilege Applies to Some of the Facilities

Plaintiff contends that Louisiana's physician-patient privilege protects all of Plaintiff's medical records "other than those regarding the injuries caused by the subject incident or similar injuries[.]" (R. Doc. 24 at 3). Rule 501 of the Federal Rules of Evidence provides that "in civil actions or proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." "Since this case is governed by state substantive law, the Court turns to Louisiana privilege law to determine the existence and scope of [Plaintiff's physician]-patient privilege as well as the extent of any waiver of the privilege." *Johns v. United States,* No. CIV. A. 96-1058, 1997 WL 695608, at *2 (E.D. La. Nov. 6, 1997) (citations omitted). Louisiana Code of Evidence article 510(B)(1) states that "a

patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives." One exception to this is "[w]hen the communication relates to the health condition of a patient who brings or asserts a personal injury claim in a judicial or worker's compensation proceeding." La. Code Evid. art. 510(B)(2).

Plaintiff argues the above exception is not as straightforward as it appears, citing *Bertrand v. Patrick*, wherein the Louisiana Supreme Court held that "any exception to the [physician]-patient privilege should be narrowly tailored and should extend only to information necessary and relevant to the condition relied on as a defense or claim." *Bertrand v. Patrick,* 2020-00689 (La. 9/29/20), 301 So. 3d 1163 (citing *Moss v. State*, 2005-1963 (La. 4/4/06), 925 So. 2d 1185, 1201). (R. Docs. 24; 24-1). According to *Moss v. State,* "it is 'proper' to disregard the privilege only to the limited extent necessary to access information which is directly related to determining the truth[; w]hat is to be avoided is unbridled evaluation of one's complete medical records." 925 So. 2d at 1201. The question, therefore, is to what extent Plaintiff has waived her physician-patient privilege, while considering relevance.

Regarding the injuries that allegedly resulted when she hit her head and buttock on the ground after falling from a bench, Plaintiff's past medical expenses total $53,666.84. (R. Docs. 1-4 at 2, 5; 1-5; 28). Plaintiff has (i) sought medical treatment due to low back pain, neck pain, hip pain, and thigh pain; (ii) undergone a lumbar spine MRI, revealing multilevel spondylosis; (iii) undergone bilateral L3-4 L4-5 facet joint injections in her lumbar spine; (iv) been receiving physical therapy and chiropractic care since the incident; (v) been recommended bilateral L3 nerve root block injections, with the potential for being a surgical candidate; (vi) treated with at

6

least seven medical providers for her injuries allegedly sustained in the accident (X-rays, MRIs, physical therapy, chiropractic, orthopedists, and neurosurgeons), and (vii) alleged mental anguish. (R. Docs. 1-5; 28). Plaintiff has treated at Our Lady of the Lake, Christus Cabrini Surgery Center, Red River Rehab, Faircloth Chiropractic Clinic, Radiology Partners, Spine Institute of Louisiana, and St. Francis Cabrini Hospital for her injuries allegedly sustained in the accident. (R. Docs. 1-5; 28).

From the above, it is apparent that any medical information relating to Plaintiff's back (lumbar), hips, legs, buttock, head, thighs, neck, and mental health is relevant. Plaintiff also claims that the injuries have affected her "health and well being," arguably putting all of her medical conditions at issue. "[B]y putting one's medical condition at issue in a lawsuit, a plaintiff waives any privilege to which he may have otherwise been entitled as to his privacy interests in his medical records." *Stogner v. Sturdivant,* No. CIV.A. 10-125-JJB-CN, 2011 WL 4435254, at *5 (M.D. La. Sept. 22, 2011). While Plaintiff provides specific arguments regarding her eye and dental records as addressed below, Plaintiff fails to reveal why records from Premier Urgent Care, Christus Trinity Clinic, Christus St. Francis Cabrini Hospital, Mid State Orthopaedic & Sports Medical Center, Community Clinic (Alexandria), Alexandria Healthcare for Women, LLC, Dr. Vincent Mallory, or Ochsner LSU (Shreveport) would be irrelevant. (R. Docs. 24; 24-1). Thus, in light of the expansive allegations of injury and harm, the Court finds that records from these medical facilities and professionals are relevant for assessing Plaintiff's alleged injuries, whether she had any preexisting conditions, or whether any of her preexisting conditions were exacerbated by the accident.

With respect to eye and dental records from Louisiana Eye & Laser Center and Aspen Dental, Plaintiff's counsel specifies that Plaintiff is "not alleging heart, lung, vision, or dental

7

injuries **at this time**." (R. Doc. 28-4 at 2) (emphasis added). From this, the Court will find that Plaintiff has not put injuries to her heart, lungs, eyes, teeth, or jaw at issue in this case. Thus, only Louisiana Eye & Laser Center, Aspen Dental, Cenla Heart Specialists, and Maan Younes, MD (pulmonologist) will be quashed from the notice of deposition. If Plaintiff ever claims she has any injuries to her heart, lungs, eyes, teeth, or jaw as a result of the accident, she will be required to demonstrate good cause to add these allegations outside of the discovery deadlines, any privilege will be waived, and Defendant may re-serve a new notice of deposition and the Subpoenas regarding these four medical facilities and professionals. *See Stogner,* 2011 WL 4435254, at *5.

### iv. Plaintiff May Not Object as to Overbreadth or Production Burden

Plaintiff argues the Subpoenas are overbroad and unduly burdensome because they are unlimited in time and scope, but her objections to the Subpoenas on these grounds are misplaced. (R. Doc. 24). Plaintiff has no standing to object on such grounds because she is not a responding party. *Keybank National Ass'n v. Perkins Rowe Associates, L.L.C.,* 2011 WL 90108, at *2 (M.D. La. 2011) (party lacked standing to challenge non-party subpoenas on grounds of relevance or undue burden to the subpoenaed non-party). Plaintiff "may only object to a [Fed. R. Civ. P.] 45 subpoena directed to a non-party on the basis of some personal right or privilege that she has in the requested records," such as the physician-plaintiff privilege, as she has done. *Stogner,* 2011 WL 4435254, at *6. In an effort to resolve this dispute without court involvement, Defendant offered to limit the time of the Subpoenas to 10 years prior to the subject incident, with the understanding that it could request further back records if warranted by the responses received. (R. Doc. 28-4). The parties were unable to come to an agreement.

Defendant has demonstrated there are "medical records dating back to 2014 showing Plaintiff was already treating for chronic back pain at the time." (R. Docs. 28; 28-4). In light of the discovery deadlines at issue, the extensive and permanent injuries alleged, and plaintiff being treated for <u>chronic</u> pain nearly 10 years ago for pain similar to the injuries alleged in this action, the Court will not limit the requested records.

### III. Conclusion

For the forgoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Quash (R. Doc. 24) is **GRANTED IN PART** and **DENIED IN PART**, with each party to bear their own costs.

**IT IS FURTHER ORDERED** that Plaintiff is directed to sign HIPAA-compliant authorizations for the release of medical records, from Premier Urgent Care, Christus Trinity Clinic, Christus St. Francis Cabrini Hospital, Mid State Orthopaedic & Sports Medical Center, Community Clinic-Alexandria, Alexandria Healthcare for Women, LLC, Dr. Vincent Mallory, and Ochsner LSU Shreveport to Defendant.

**IT IS FURTHER ORDERED** that Defendant's deposition notice, dated August 21, 2024, (R. Doc. 25) and its related Subpoenas shall be revised such that only Premier Urgent Care, Christus Trinity Clinic, Christus St. Francis Cabrini Hospital, Mid State Orthopaedic & Sports Medical Center, Community Clinic-Alexandria, Alexandria Healthcare for Women, LLC, Dr. Vincent Mallory, and Ochsner LSU Shreveport will be subject to the Subpoenas. All other portions of the Subpoenas and deposition notice shall remain the same, although with a new date.

Signed in Baton Rouge, Louisiana, on October 3, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**