UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA HARRIS                                      CIVIL ACTION

VERSUS                                               NO. 23-607-BAJ-RLB

EXECUTIVE AFFILIATES, INC., ET AL.

**ORDER**

Before the Court is Plaintiff's Motion to Cancel Settlement Conference and Request for Sanctions. (R. Doc. 46; *see* R. Doc. 47). The motion is opposed. (R. Doc. 48). Plaintiff filed a Reply. (R. Doc. 58).

**I.     Background**

Patricia Harris ("Plaintiff") alleges that she was injured when a bench located at a hotel owned and operated by Executive Affiliates, Inc. d/b/a Crowne Plaza Executive Center, LLC ("Executive Affiliates") and manufactured by Dubois Wood Products, Inc. ("Dubois") gave way while she was sitting on it. (*See* R. Doc. 1; R. Doc. 1-4).

On November 20, 2024, the parties jointly requested a settlement conference with the undersigned to be scheduled for January 14, 2025. The conference was set as requested that same day. (R. Doc. 39). In the Settlement Conference Order, the undersigned required the parties to submit confidential settlement position papers by January 7, 2025. (R. Doc. 39 at 2). Both parties did so. The Settlement Conference Order also required Plaintiff to submit a settlement offer, in writing, on December 30, 2024, and Defendants to submit a specific counteroffer, in writing, on January 7, 2025. (R. Doc. 39 at 3). The exchange of these offers and counteroffers is at issue.

On January 10, 2025, Plaintiff filed the instant motion, which seeks an order cancelling the settlement conference and awarding sanctions (including monetary sanctions, default

judgment, and a finding of civil contempt) on the basis that Dubois did not submit a counteroffer in good faith. (R. Doc. 46). Given the filing of this motion, as well as the filing of various discovery motions after the settlement conference was set, the undersigned cancelled the settlement conference as an inefficient use of judicial resources. (R. Doc. 52).

In support of her motion, Plaintiff represents that she complied with the Settlement Conference Order by "submitting a settlement demand of $1,000,000 on December 30, 2024." (R. Doc. 46 at 1). Plaintiff does not submit any documentation in support of this representation. Instead, Plaintiff attaches to her motion an exhibit providing that on January 6, 2025, counsel for Executive Affiliates sent Plaintiff's counsel the following email:

> Thank you for your call earlier.[I'm] back at my office now looking at my notes which show that you originally sent a demand for $250,000 on 6/6/23, then increased it to $1,000,000 on 6/12/23.[1] Our counter of $40,000 was then made on 6/15/23. This was all just before our firm was assigned the case so please let me know if you have contradictory information. Otherwise please provide a response to our last offer so we can get you a response before the conference.

(R. Doc. 46-4 at 2). On the morning of January 7, 2025, Plaintiff's counsel rejected the $40,000 offer, stating that Plaintiff's "demand remains at $1,000,000 because the current offer does not appear to be a good-faith offer." (*See* R. Doc. 46-4 at 1).

In opposing the motion, Dubois represents that "Plaintiff's counsel did not make any effort whatsoever to engage [Dubois's] counsel in settlement negotiations until January 7, 2025 at 10:11 AM, less than two hours before the deadline for the parties to submit confidential position papers." (R. Doc. 48 at 2). Dubois further represents that its counsel "received no written correspondence from Plaintiff's counsel at all on December 30, 2024" in compliance with the Settlement Conference Order. (R. Doc. 48 at 3).

---

[1] Plaintiff submits copies of the underlying June 12, 2023 demands for $1,000,000 as exhibits to her Motion. (*See* R. Docs. 46-5, 46-6).

In reply, Plaintiff appears to argue that her settlement demand for $1,000,000 made on June 12, 2023, and then reasserted on January 7, 2025, somehow met the Settlement Conference Order's December 30, 2024 deadline to submit a settlement offer. (*See* R. Doc. 58).

## II.    Law and Analysis

Rule 16(f) authorizes the imposition of sanctions "if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). The Fifth Circuit has specifically upheld the award of Rule 16(f) sanctions where there was objective evidence that the defendant "concealed its true position that it never intended to settlement the case" at a settlement conference. *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1335 (5th Cir. 1996). Nevertheless, "[i]n the absence of objective evidence of bad faith, sanctions cannot be justified simply because a party does not offer what the court considers a 'bonafide offer' or 'serious money.'" *Id*. at 1334 n. 13.

Having reviewed the record, the Court finds no basis for concluding that either Defendant or their counsel failed to make a timely counteroffer by the January 7, 2025 deadline or otherwise failed to participate in settlement negotiations in good faith. The record indicates that the parties have not departed from their settlement offers exchanged in June of 2023. If anything, the record demonstrates that Plaintiff failed to comply with the Court's order to provide a settlement offer by the December 30, 2024 deadline. Plaintiff is warned that seeking sanctions against opposing counsel is an extreme step to take, and doing so on borderline dubious grounds is inadvisable.

That said, the Court concludes that there is no objective evidence of bad faith supporting a finding that any party should be subject to Rule 16(f) sanctions with respect to the cancelled settlement conference.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Cancel Settlement Conference and Request for Sanctions (R. Doc. 46) is **DENIED** (1) as moot with respect to the settlement conference, which has already been cancelled, and (2) as meritless with respect to the sought Rule 16(f) sanctions. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on January 16, 2025.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**