# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

PATRICIA HARRIS                                      CIVIL ACTION

VERSUS                                               NO. 23-607-BAJ-RLB

EXECUTIVE AFFILIATES, INC., ET AL.

## ORDER

Before the Court is Defendants' Motion to Compel. (R. Doc. 40). The motion is opposed. (R. Doc. 41). Defendants filed a reply. (R. Doc. 57).

**I.    Background**

Patricia Harris ("Plaintiff") alleges that she was injured when a bench located at a hotel owned and operated by Executive Affiliates, Inc. d/b/a Crowne Plaza Executive Center, LLC and manufactured by Dubois Wood Products, Inc. (collectively, "Defendants") gave way while she was sitting on it. (*See* R. Doc. 1; R. Doc. 1-4). The Petition states that when the bench failed it sent her "body crashing to the ground" and that "Plaintiff hit her head on the way down and landed directly on her buttock[s] thereafter experiencing excruciating pain that persist[s] to date." (R. Doc. 1-4 at 2). Plaintiff alleges that her "injuries are severe, debilitating, require extensive treatment, and will likely impact Plaintiff for the remainder of her life." (R. Doc. 1-4 at 2). Plaintiff further alleges that she "suffered bodily injuries" that "may be permanent in nature" but does not identify the specific nature of the alleged injuries. (R. Doc. 1-4 at 5).

Defendants represent that beginning on November 22, 2024, they reached out to Plaintiff's counsel to obtain agreement with respect to an independent medical examination ("IME"). (R. Doc. 40-1 at 1).

On December 11, 2024, Plaintiff's counsel objected to an IME taking place in Lafayette, Louisiana (as sought by Defendants), but would have "no objection" to an IME in Alexandria, Louisiana (Plaintiff's place of residence), further noting that once a location in Alexandria was secured, the parties could "confer and agree on the scope of the IME before coordinating dates." (R. Doc. 40-4 at 1-2). In response, defense counsel stated that they were unable to locate a suitable location in Alexandria and that the proposed location in Lafayette would minimize any burden to Plaintiff given that she has travelled further to Shreveport for treatment for her spine. (R. Doc. 40-4 at 1).

On December 31, 2024, Defendants filed the instant Motion to Compel, which seeks an order compelling Plaintiff to attend an IME conducted by Dr. Seth Rosenzweig in Lafayette, Louisiana. (R. Doc. 40). Defendants represent that "Plaintiff's only objection is to the travel involved," providing documentation to demonstrate that it was approximately 90 miles to travel to Dr. Rosenzweig's office in Lafayette, which is shorter than the 128 miles that Plaintiff travelled for treatment to her spine in Shreveport. (R. Doc. 40-1 at 4; *see* R. Doc. 40-6; R. Doc. 40-7). The motion does not, however, specify the time, manner conditions, and scope of the sought examination.[1]

In opposing the motion, Plaintiff argues that the requested examination "constitutes an unnecessary, overbroad, and unduly burdensome invasion of privacy, as well as a transparent attempt to conduct an impermissible and unwarranted fishing expedition." (R. Doc. 41 at 1). While Plaintiff concedes that her physical condition is in controversy, she nevertheless argues that Defendants have not established good cause for the examination. (R. Doc. 41 at 3-4). Plaintiff further notes that the distance of travel required to attend the physical examination

---

[1] The attached map suggests Dr. Rosenzweig's office is located at 108 Rue Louis XIV in Lafayette, Louisiana. (R. Doc. 40-7).

would constitute an undue burden. (R. Doc. 41 at 4). Plaintiff further argues that Defendants have failed to provide sufficient evidence to support a Rule 35 physical examination, have failed to distinguish between a treating physicians and a defense-selected physician, have failed to meet the time, place, and manner requirements of Rule 35, and are otherwise engaging in a "fishing expedition." (R. Doc. 41 at 4-8).

Finally, Plaintiff requests that if the Court does find a Rule 35 physical examination to be warranted, the Court should issue a Protective Order pursuant to Rule 26(c) limiting the scope of the examination "to the injuries alleged by Plaintiff," requiring the examiner to be pre-approved by the Court, requiring the physical examination to be audio- and video-recorded, limiting the information obtained in the physical examination to this litigation, allowing counsel or another observer to be present, and requiring a detailed report within 14 days of the exam. (R. Doc. 41 at 9).

In reply, Defendants attempt to establish the time, place, manner, conditions, and scope of the examination. (R. Doc. 57). Defendants state that the examination would take place at 108 Rue Louis XIV in Lafayette, Louisiana on February 5, 19, or 26 at 2:00 p.m. (R. Doc. 57 at 3). Defendants further assert that "Dr. Rosenzweig is an orthopedic surgeon and his exam would be an orthopedic examination related to Plaintiff's alleged complaints of neck, back, and leg pain." (R. Doc. 57 at 3). Finally, Defendants assert that they have no objections to the parameters of Plaintiff's requested protective order "to the extent the Court deems them necessary." (R. Doc. 57 at 4).

## II.    Law and Analysis

### A.    Legal Standards

Federal Rule of Civil Procedure 35 provides that the "court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). A plaintiff places his or her physical or mental condition "in controversy" by pleading he or she has sustained a physical injury through the negligence of the defendant. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). "The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

Local Rule 35 requires a party moving for a physical and/or mental examination of another party to include, in addition to the requirements of Federal Rule 35(a)(2), the following information in support of the motion: "[1] Whether a personal and/or medical history will be obtained; [2] Whether a physical examination will be undertaken; [3] A description of the written, verbal-administered and/or physical tests to be performed, both invasive and non-

invasive; [4] The identities of any persons administering and/or interpretating the test results, if different from the person identified in the motion; and [5] The anticipated duration of the examination." LR 35.

    **B.**    **Timeliness of Motion**

Rule 35 examinations are subject to the Court's discovery deadlines. *See Bryant v. State Farm Mut. Auto. Ins. Co.*, No. 17-315-SDD-RLB, 2018 WL 3869981, at *1 (M.D. La. Aug. 14, 2018). In this action, the deadline to complete non-expert discovery expired on December 2, 2024, and the deadline to complete expert discovery expires on May 30, 2025. (R. Doc. 36). Accordingly, the motion was filed after the close of non-expert discovery, but prior to the close of expert discovery.

It is unclear whether the proposed Rule 35 examination constitutes expert or non-expert discovery in this action. There is no representation that Dr. Rosenzweig is a retained and disclosed expert. *See Boatner v. ABC Ins. Co.*, No. 11-409, 2012 WL 3155529, at *1 (M.D. La. Aug. 2, 2012) (concluding that Rule 35 examination was "expert" discovery when conducted by disclosed experts to form their expert opinions). Regardless, the Court has reopened non-expert discovery for the purpose of securing the deposition of Evelyn Madison, the "sole eyewitness to the incident" whose deposition was completed on January 10, 2025, and further extended the deadlines for the parties to identify any "medical experts" given this deposition. (R. Doc. 54; *see* R. Doc. 44). To the extent necessary, the Court finds good cause to extend the non-expert discovery deadline for the sole purpose of allowing the Rule 35 physical examination of Plaintiff to proceed as detailed in this Order.

### C. The Proposed Rule 35 Examination

Defendants' motion is presented as a "motion to compel" and is accompanied by representation that the parties held a Rule 37 conference prior to the filing of the motion. Rule 37(a) authorizes the filing of motions to compel disclosures pursuant to Rule 26(a) and responses to discovery requests made pursuant to Rules 30, 31, 33, 34. *See* Fed. R. Civ. P. 37(a)(3). The type of discovery allowed by Rule 35—a physical or mental examination—is only enforceable through Rule 37 after the Court issues an order for examination pursuant to Rule 35. Once a Rule 35 order is issued, a party may seek sanctions pursuant to Rule 37 if the opposing party disobeys the Rule 35 order. *See* Fed. R. Civ. P. 37(b)(2)(A)-(B). Accordingly, the Court will not "compel" the examination pursuant to Rule 37.

The Court is aware, however, that the true intent of the motion is to obtain a Rule 35 Order requiring a physical examination of Plaintiff. Having considered the arguments of the parties, and the record as a whole, the Court will require such an examination as described below.

Foremost, there is no dispute with respect to whether Plaintiff's physical condition is in controversy. In her pleading, Plaintiff alleges that she hit her head and landed on her buttocks as a result of the fall and that she suffered potentially permanent bodily injuries as a result of the fall. (*See* R. Doc. 1-4 at 2, 5). Plaintiff specifically concedes that her physical condition is in controversy, having testified that she experienced "immediate and radiating pain" consisting of "thousands of hot beads" coursing through her back, neck and legs. (R. Doc. 41 at 3-4). Accordingly, the Court concludes that Plaintiff's physical condition in controversy as required by Rule 35(a)(1).

Plaintiff does argue, however, that Defendants have not established good cause for a Rule 35 examination as required by Rule 35(a)(2)(A). In the context of Rule 35, good cause "requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere." *Miller v. Credit*, No. 12-00138, 2013 WL 375551, at *2 (M.D. La. Jan. 30, 2013) (citing *Schlagenhauf*, 379 U.S. at 118). That said, "a plaintiff in a negligence action who asserts mental or physical injury . . .places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964); *see Wilkerson v. Stalder,* No. 00-304-JJB-RLB, 2015 WL 13711110, at *2 (M.D. La. Sept. 21, 2015) (noting that *Schlagenhauf* appears to merge the "in controversy" and "good cause" requirements in negligence actions).

The good cause standard is satisfied in this personal injury action. Plaintiff alleged unspecified personal injuries in the pleadings, including an alleged head injury and injury to her buttocks. Plaintiff has testified to non-specific pain in her back, legs, and neck, rating the paid "ten" out of a scale of ten. (*See* R. Doc. 41 at 3). This is the first and only Rule 35 examination sought in this action. Given the damages sought, and the nature of Plaintiff's alleged injuries in this negligence action, the Court concludes that the good cause standard is satisfied. *See Schlagenhauf*, 379 U.S. at 119.

Plaintiff is correct, however, that Defendant's motion lacks specificity with respect to the proposed time, place, manner, conditions, and scope of the examination. (*See* R. Doc. 41 at 8). Among other things, Defendant failed to comply with Local Rule 35. In reply, however, Defendants submitted information in support of the time, place, manner, condition, and scope requirements of Federal Rule 35(a)(2)(B). Defendants represent that Dr. Rosenzweig "is an

7

orthopedic surgeon and his exam would be an orthopedic examination related to Plaintiff's alleged complaints of neck, back, and leg pain." (R. Doc. 57 at 3; *see* R. Doc. 51-1). Defendants seek an order requiring the examination to take place in Dr. Rosenzweig's office located at 108 Rue Louis XIV in Lafayette, Louisiana 70508 on February 5, 19, or 26 at 2:00 p.m. (R. Doc. 57 at 3; *see* R. Doc. 51-1).

      The Court finds the proposed time and place of the examination to be appropriate. The proposed dates will allow the Rule 35 examination to take place prior to the close of expert discovery. This will allow the medical experts of both parties to consider the findings of the Rule 35 examination. The place of the proposed examination – the office of Dr. Rosenzweig in Lafayette, Louisiana – will not cause any undue burden on Plaintiff, who has not provided any specific rationale why traveling to Lafayette would cause any <u>undue</u> burden. The record indicates that Plaintiff has traveled further distances to visit her own health care provider in Shreveport. Plaintiff has not submitted any evidence that she cannot safely travel, while seated, in a vehicle for approximately 90 miles for approximately 1.5 hours. (*See* R. Doc. 40-7). That Plaintiff may have to seek an absence from work does not exempt her from discovery in her own personal injury lawsuit. Given that Defendants seek the examination to being at 2:00 pm, the Court will imply a reasonable duration of no more than 3 hours for the examination.

      The Court also finds the general manner, condition, and scope of the physical examination proposed by Defendants to be appropriate. There is no dispute that Dr. Rosenzweig is an orthopedic surgeon qualified to evaluate Plaintiff's alleged physical injuries to the back, neck, head, spine, and legs. The Court will allow the examination to include any questioning that is necessary to reach an opinion about the Plaintiff's medical condition and the cause of the

8

alleged injuries. Defendants specifically agree to limit the scope of the Rule 35 examination of Plaintiff's alleged injuries in this action. (See R. Doc. 57 at 4).

The Court has considered Plaintiff's request for the limitation of the scope and use of the examination pursuant to Rule 26(c). "Rule 35(a) examinations, like all other forms of discovery, are subject to the general provision of Rule 26(c) that the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Lemings v. Taylor*, No. 18-768-BAJ-RLB, 2019 WL 11690211, at *2 (M.D. La. July 8, 2019) (citation omitted). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

First, Plaintiff asks that the examination be limited to her alleged injuries by an approved examiner. As discussed above, the Court will allow a physical examination by Dr. Rosenzweig, an orthopedic surgeon, to evaluate Plaintiff's alleged physical injuries to the back, neck, head, spine, and legs, which are all in controversy.

Second, Plaintiff requests that the examination be recorded and that Plaintiff's counsel or another observer be present at the examination. Plaintiff has not established good cause in support of a finding that these additional requirements are necessary to provide protection from annoyance, embarrassment, oppression, or undue burden or expense. Indeed, courts generally will not permit observers at a physical or mental examination under Rule 35. *Id*. (citing *Haensel*

*v. Chrysler Corp.*, No. 96-1103, 1997 WL 537995 (E.D. La. Aug. 25, 1997) (not an abuse of discretion to order that plaintiffs are not entitled to have their counsel or psychologist present during the psychiatric examination); *Ferrell v. Shell Oil Co.*, No. 95-0568, 1995 WL 688795, at *2 (E.D. La. Nov. 20, 1995) ("weight of authority in the federal courts prohibits counsel for the examinee from attending Rule 35 examinations."). Furthermore, this Court has disallowed the recordings of examinations in the alternative to the presence of an attorney "where there had been no showing that the examination involved invasive procedures or otherwise unorthodox or potentially harmful techniques in examination." *Lemings*, 2019 WL 11690211, at *2 (citing *Terry v. Promise Hosp. Of Ascension, Inc.*, No. 13-128, 2014 WL 1239397, at * 3-4 (M.D. La. March 25, 2014)). Having considered Plaintiff's arguments, the Court does not find good cause to allow any observers or recordings at the Rule 35 physical examination of Plaintiff, which will be a fairly standard physical examination by an orthopedic surgeon.

The Court does, however, find good cause to grant Plaintiff's last two requests – that the information obtained during the Rule 35 examination be limited to this litigation and not disclosed to third parties, and that Dr. Rosenzweig complete his examiner's report completed on an expedited basis. Defendants have specifically agreed to limiting the disclosure of the Rule 35 examination "to this litigation" and requesting Dr. Rosenzweig to "prioritize the report." (R. Doc. 57 at 4). The Court will require Dr. Rosenzweig to provide his examiner's report to Plaintiff within 30 days of the examination. *See* Fed. R. Civ. P. 35(b).

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 40) is **GRANTED IN PART and DENIED IN PART**. Plaintiff is ordered to appear for a physical examination by Dr.

Seth Rosenzweig, an orthopedic surgeon, at his office located at 108 Rue Louis XIV in Lafayette, Louisiana, 70508, at a time to be agreed upon by the parties, on or before February 28, 2025. Only the plaintiff, Dr. Rosenzweig, and Dr. Rosenzweig's staff may be present. The examination may not be recorded. The examination may include obtaining a personal and medical history, an interview, a physical examination, x-rays, and any other appropriate testing. The examination may not exceed 3 hours.

**IT IS FURTHER ORDERED** that Defendants shall disclose to Plaintiff, within **7 days** of the date of this Order, all additional information required by Local Rule 35 not discussed above.

**IT IS FURTHER ORDERED** that Dr. Rosenzweig shall provide to Plaintiff a copy of the final examiner's report within **30 days** of the Rule 35 examination.

**IT IS FURTHER ORDERED** that the parties, and Dr. Rosenzweig, shall not disclose the findings of the Rule 35 examination to individuals other than the parties and counsel in this litigation, and to the Court and its staff if used in this proceeding, unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs regarding the instant motion.

Signed in Baton Rouge, Louisiana, on January 24, 2025.

                                                    **RICHARD L. BOURGEOIS, JR.**
                                                    **UNITED STATES MAGISTRATE JUDGE**