UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA HARRIS | CIVIL ACTION |
| VERSUS | NO. 23-607-BAJ-RLB |
| EXECUTIVE AFFILIATES, INC., ET AL. | |

### ORDER

Before the Court is Plaintiff's Motion for Reconsideration of Order Granting Defendant Crowne's Motion to Compel Independent Medical Examination ("Motion for Reconsideration"). (R. Doc. 62). The deadline for filing an opposition has not expired. LR 7(f).

**I.     Background**

Patricia Harris ("Plaintiff") alleges that she was injured when a bench located at a hotel owned and operated by Executive Affiliates, Inc. d/b/a Crowne Plaza Executive Center, LLC ("Executive Affiliates") and manufactured by Dubois Wood Products, Inc. ("Dubois") (collectively, "Defendants") gave way while she was sitting on it. (*See* R. Doc. 1; R. Doc. 1-4). The Petition states that when the bench failed it sent her "body crashing to the ground" and that "Plaintiff hit her head on the way down and landed directly on her buttock[s] thereafter experiencing excruciating pain that persist[s] to date." (R. Doc. 1-4 at 2). Plaintiff alleges that her "injuries are severe, debilitating, require extensive treatment, and will likely impact Plaintiff for the remainder of her life." (R. Doc. 1-4 at 2). Plaintiff further alleges that she "suffered bodily injuries" that "may be permanent in nature" but does not identify the specific nature of the alleged injuries. (R. Doc. 1-4 at 5).

Plaintiff seeks reconsideration of this Court's order issued on January 24, 2025 requiring her to attend a Rule 35 physical examination. (R. Doc. 61, "Rule 35 Order"). The Rule 35 Order

granted Defendants' Motion to Compel the Plaintiff to appear for a physical examination pursuant to Rule 35. (R. Doc. 40). Plaintiff opposed the Motion to Compel, seeking certain limitations to a Rule 35 examination, if ordered, pursuant to Rule 26(c). (R. Doc. 41). Defendants then jointly moved for leave to file a reply memorandum in support of the Motion to Compel. (R. Doc. 51). The Court granted this motion and entered the reply memorandum into the record. (*See* R. Doc. 55, 57). After consideration of the parties' briefing, the Court granted, in part, Defendants' Motion to Compel, and issued the Rule 35 Order. (R. Doc. 61).

Plaintiff argues that the Court should reconsider the Rule 35 Order pursuant to n Rule 60(b) of the Federal Rules of Civil Procedure. (R. Doc. 63). Plaintiff argues that the Rule 35 Order "reflects a clear mistake of law and fact" pursuant to Rule 60(b)(1), the Rule 35 Order is "void" for lack of proper procedure pursuant to Rule 60(b)(4), and "exceptional circumstances" justify relief pursuant to Rule 60(b)(6).

**II.    Law and Analysis**

    **A.    Legal Standards**

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Nevertheless, the Fifth Circuit has "consistently recognized that such a motion may challenge a judgment or order under the Federal Rules of Civil Procedure 54(b) [or] 59(e)." *Burkette v. E. Feliciana Par. Sheriff*, No. 18-996, 2022 WL 16758256, at *2 (M.D. La. Nov. 8, 2022) (citations omitted). Where, as here the motion for reconsideration concerns an interlocutory order, the appropriate standard to apply is found in Rule 54(b). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *see Burkette*, 2022 WL 16758256, at *2 (applying Rule 54(b) standard to motion for reconsideration of ruling granting a motion to

quash); *Cook v. Flight Servs. & Sys., Inc.*, No. 16-15759, 2019 WL 2067640, at *1 (E.D. La. May 10, 2019) (Rule 54(b) standard applies to reconsideration of interlocutory discovery order).

In pertinent part, Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Unlike with a motion to alter or amend a judgment brought under Rule 59(e), or a motion for relief from a final judgment, order or proceeding under Rule 60(b), a court considering the Rule 54(b) standard "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citations omitted).[1] While Rule 54(b) affords broad discretion to the court to reconsider and reverse interlocutory orders, this "broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Burkette*, 2022 WL 16758256, at *2 (quoting *Carroll v. SGS Auto. Servs., Inc.*, No. 16-537, 2021 WL 2550278, at *2 (M.D. La. June 22, 2021)).

---

[1] To be clear, "Rules 59 and 60 apply only to final judgments." *Phillips v. Whittington*, 497 F. Supp. 3d 122, 143 (W.D. La. 2020). Plaintiff seeks relief pursuant to Rule 60(b), which provides a **stricter** standard for obtaining relief from a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Similar to the standard under Rule 59(e), "the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). A district court may grant relief under Rule 60(b) for one of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Fifth Circuit has instructed that relief under Rule 60(b)(6) "is mutually exclusive from relief available under sections (1)–(5)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) (citing *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971)). Furthermore, relief under Rule 60(b)(6) is only warranted when "extraordinary circumstances are present." *Id.* (quoting *Am. Totalisator Co., Inc. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993) ) (internal citation omitted). That said, the Court will apply the **more liberal standard** provided by Rule 54(b) given the interlocutory nature of the Rule 35 Order at issue.

3

"Motions for reconsideration are 'extraordinary remed[ies] and should be used sparingly in the interest of finality and conversation of judicial resources.'" *Dixon v. D.R. Horton, Inc. - Gulf Coast*, No. 22-01005, 2023 WL 2486587, at *2 (M.D. La. Feb. 24, 2023) (quoting *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Loc. 198*, 495 F. Supp. 3d 392, 396 (M.D. La. 2020)). "To the point, a motion for reconsideration is generally *not* the vehicle for raising arguments that could have been raised before the entry of the challenged order." *Dixon*, 2023 WL 2486587, at *2 (citing *Adams*, 495 F. Supp. 3d at 396; *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

**B.     Analysis**

Having considered Plaintiff's arguments, the Court finds no basis to reconsider (or otherwise modify or vacate) the Rule 35 Order. While virtually all of Plaintiff's arguments are reiterations of her earlier arguments, or vague and conclusory extensions of those earlier arguments, the Court has again reviewed the record to reach this determination.

First, Plaintiff argues that the Court's Rule 35 Order "reflects a clear mistake of law and fact" because the requirements of Rule 35 were not satisfied. (R. Doc. 63 at 1-3). On the contrary, a review of the record supports a finding that the Rule 35 Order was proper.

Rule 35 provides that the "court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

4

"Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964); *see also Miller v. Credit*, No. 12-00138, 2013 WL 375551, at *2 (M.D. La. Jan. 30, 2013).

After considering the arguments of the parties, the Court ordered Plaintiff (who has asserted bodily injury resulting from her fall to her back, neck, head, spine, and legs) to appear for a Rule 35 physical examination by Dr. Seth Rosenzweig, an orthopedic surgeon, at his office located at 108 Rue Louis XIV in Lafayette, Louisiana, 70508, at a time to be agreed upon by the parties, on or before February 28, 2025. (R. Doc. 61 at 11). The Court limited the examination to 3 hours, further providing that only the plaintiff, Dr. Rosenzweig, and Dr. Rosenzweig's staff may be present, the examination may not be recorded, and the examination may include obtaining a personal and medical history, an interview, a physical examination, x-rays, and any other appropriate testing. (R. Doc. 61 at 11). In issuing the Rule 35 Order, the Court specifically found that Plaintiff had put her physical condition in controversy and that there was good cause for the examination given the nature of Plaintiff's alleged injuries and claims in this negligence action. (*See* R. Doc. 61 at 7-9). Plaintiff's current arguments do not merit a change in these findings.

Plaintiff asserts that the Rule 35 Order was improperly issued because Plaintiff did not receive "notice" as required by Rule 35. The Court disagrees. Defense counsel provided Plaintiff's counsel with notice of the proposed examination, which Defendants sought to obtain by agreement, prior to filing the motion. (R. Doc. 40-4 at 1-2). After the motion was filed, Plaintiff had the opportunity to oppose the relief sought. (*See* R. Doc. 41). The Court then issued a written Rule 35 Order providing "notice to all parties and the person to be examined" of the

5

Rule 35 examination and detailing the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). Finally, the Court found good cause to extend the non-expert discovery deadline, to the extent necessary, to allow the Rule 35 examination to proceed on or before February 28, 2025, well over one month after the Rule 35 Order was issued. (R. Doc. 61 at 5). Plaintiff's argument with respect to lack of "notice" is meritless.

Second, Plaintiff argues that the Court improperly issued the Rule 35 Order given that Defendants characterized the motion as a "Motion to Compel." (R. Doc. 63 at 3-4). The Court addressed this very issue in the Rule 35 Order, denying the motion to the extent it sought an order, pursuant to Rule 37, "compelling" a Rule 35 examination that was not previously ordered. (*See* R. Doc. 61 at 6). Now that a Rule 35 Order has been issued, Defendants may seek Rule 37 sanctions if Plaintiff fails to attend the examination as ordered. *See* Fed. R. Civ. P. 37(b)(2)(A)-(B).

Third, Plaintiff argues that the Court improperly granted and considered the reply memorandum filed jointly by Defendants because "Defendant Dubois was not a movant in the original Motion to Compel." (R. Doc. 63 at 4). This argument is absurd. Foremost, both Executive Affiliates and Dubois, through their respective counsel, brought the Motion to Compel. (*See* R. Doc. 40 at 1, 2).[2] But even if only Executive Affiliates had brought the original motion, the Court would still have discretion to grant leave to file a reply memorandum brought by both Defendants. *See* LR 7(f). Here, the Court found it appropriate to consider Defendants' arguments in light of Plaintiff's opposition memorandum. The Court did not commit legal error

---

[2] For whatever reason, only counsel for Executive Affiliates signed the Memorandum in Support of Motion to Compel. (*See* R. Doc. 40-1 at 5).

6

or abuse its discretion in granting Defendants leave to file the reply memorandum or considering the contents of that memorandum in issuing the Rule 35 Order.

Fourth, Plaintiff argues that the Court has not accounted for Plaintiff's "deteriorating medical condition" with respect to the required travel to Lafayette (approximately 90 miles from her home) to attend the Rule 35 examination. (R. Doc. 63 at 4-5). In opposing travel to Lafayette in her original opposition, Plaintiff merely stated that she suffers "debilitating pain" and the travel would impose "an unreasonable physical, emotional, and financial burden" and that she would face "significant undue burden" given her "ongoing pain." (R. Doc. 41 at 4, 6). Other than providing these vague and conclusory statements, Plaintiff provided no specific evidence providing that she is physically unable to sit in a vehicle for approximately 90 minutes to travel to Lafayette for the examination. And Plaintiff provides no such evidence now. Indeed, trial in this matter will occur in Baton Rouge, which will necessitate even farther travel.

The instant Motion for Reconsideration vaguely refers to a "deteriorating medical condition" that has "worsened significantly" without any specific evidence supporting a lack of physical ability to travel by car or to attend the examination. (R. Doc. 63 at 4-5). As noted in the Rule 35 Order, "Plaintiff has traveled further distances to visit her own health care provider in Shreveport" and "has not submitted any evidence that she cannot safely travel, while seated, in a vehicle for approximately 90 miles for approximately 1.5 hours." (R. Doc. 61 at 8).

Plaintiff also asserts that she does not have the financial resources or transportation to attend the Rule 35 examination in Lafayette. (R. Doc. 63 at 4-5). In opposing the Rule 35 examination, Plaintiff only made the vague and conclusory statements that the travel would impose "an unreasonable physical, emotional, and financial burden" and a "financial hardship for Plaintiff." (R. Doc. 41 at 2, 6). Plaintiff does not now set forth any specific evidence that travel

7

to Lafayette to attend a single Rule 35 examination, not to exceed 3 hours, will result in any undue financial burden.

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERD** that Plaintiff's Motion for Reconsideration of Order Granting Defendant Crowne's Motion to Compel Independent Medical Examination (R. Doc. 62) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 10, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**